[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15913
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00083-LGW-RSB

MONTRE' MERRITT,

Plaintiff-Appellant,

versus

COREY GAY,

Defendant-Appellee,

CITY OF WAYCROSS, GEORGIA,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 23, 2017)

Before TJOFLAT, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Montré Merritt appeals the district court's order granting summary judgment in favor of defendant Corey Gay on Merritt's claims against Gay individually under 42 U.S.C. § 1983 and state law.  Merritt claimed that Gay, a City of Waycross police officer, violated his Fourth Amendment rights and state law when Gay conducted a traffic stop of Merritt's vehicle and briefly detained him.  As to the § 1983 claims, the district court concluded that Merritt failed to show that Officer Gay violated his Fourth Amendment rights or, alternatively, that those Fourth Amendment rights were clearly established.  As to the state law claims, the district court concluded that Gay enjoyed official immunity because he was performing discretionary acts during the traffic stop and Merritt had not shown that Gay acted with actual malice.[1]

After careful review of the record and the parties' briefs, we affirm the district court's grant of summary judgment in favor of defendant Gay on the basis of the district court's thorough and well-reasoned order of August 9, 2016.

Merritt's argument that the district court failed to view the facts in the light most favorable to him is without merit.  The district court's 44-page order

---

[1]Merritt does not appeal the district court's grant of summary judgment to the City of Waycross on all of Merritt's claims or to Gay on Merritt's claims against him in his official capacity.

2

meticulously reviewed the summary judgment facts and, in compliance with Federal Rule of Civil Procedure 56(c) and (e), relied upon either undisputed facts or, where there was a dispute about a material fact, Merritt's version of the facts.

Furthermore, the district court properly considered Officer Gay's perspective, including Gay's mistaken belief that Merritt was not wearing a seatbelt, when it evaluated whether probable cause or reasonable suspicion supported the traffic stop.  As the district court explained, a police officer's reasonable but incorrect assessment of the facts may provide the objective basis for probable cause or reasonable suspicion to initiate a traffic stop.  See United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003) (explaining that, under the Fourth Amendment, the propriety of a traffic stop does not depend on whether the driver actually committed a traffic offense, but whether it was reasonable under the circumstances for the officer to believe a traffic offense had been committed).

**AFFIRMED.**